The statement in the bill is, that the defendant Clark, who is a married man, debauched the daughter of the plaintiff, and that she became pregnant by him; that to save the feelings of his own family, and to conceal the dishonor brought upon the plaintiff by his act, also in lieu of any claim for damages for the seduction, he agreed with plaintiff that he would convey to him a certain tract of land, described by metes and bounds, on which the plaintiff was then residing, and in consideration thereof plaintiff was to give up all cause of action for the seduction of his daughter; that after the child should be born, plaintiff was to take care of his daughter and her child, and (310) was to discourage her from swearing it to the defendant Clark; but if a warrant were taken out by other persons to compel her to swear it, Clark was to furnish her with money to pay the fine. Accordingly a deed of conveyance was made of the land in question, conveying the same to the plaintiff in fee simple, and delivered, as an escrow
to the defendant Ragsdale, to be delivered to the plaintiff at the end of three years from the birth of his daughter's child provided plaintiff's daughter did not swear the child to the defendant Clark, *Page 258 
within that time. This obligation, on his own part, was also reduced to writing, and put into the hands of the defendant Ragsdale. The bill states that he has continued in possession of the land, and has complied with his part of the agreement faithfully, by taking care of his daughter and child from the time the child was born until a short time before the three years expired, when the defendant Clark, having great influence with his daughter, prevailed on her to leave his house and reside in a house belonging to him near a saw-mill which he owned, leaving the child with plaintiff; that he managed to excite his daughter against him, and only a few days before the expiration of the time agreed on, procured her to swear the child to him, Clark. This, he charges, was done fraudulently and collusively, in order to defeat the condition on which the deed was to be delivered. Although often requested by plaintiff, the defendant Ragsdale, has declined to deliver the deed deposited with him, alleging as a reason for thus declining, that he has been forbidden by the defendant Clark, to do so, who pretends that the condition on which the delivery was to be made, has been broken, and that he is not bound to complete the conveyance. The bill further alleges that Clark has brought an ejectment in the County Court of Guilford, and recovered against plaintiff, and threatens to take out execution on the same, and turn him out of possession. The bill prays an injunction, also, for a conveyance of the land; and for that purpose, that defendant Ragsdale be compelled to file the deed in (311) his hands in the office of the clerk and master of Guilford County, that the same may be delivered over to the plaintiff; also for general relief.
At the return Term, the defendant Clark, demurred to the bill, for the reason that the consideration for making the deed in question was "immoral, illegal and impolitic." There was a joinder in demurrer, and the cause was set down for argument.
On hearing the argument of counsel, the Judge below overruled the demurrer, and ordered the defendant Clark to answer; also, that the injunction theretofore issued be continued. From which decree the defendant appealled [appealed].
A father, whose daughter is debauched, has a cause of action for damages. The daughter is not obliged to swear the child, provided she pays a fine of five dollars, and gives bond for the maintenance of the child. *Page 259 
If the father, in consideration of a tract of land, releases his cause of action, and agrees to support the child, so that it shall not become a County charge, we can see nothing iniquitous in the transaction, and nothing which violates public policy, especially when, as in this case, the land stands as a security for the performance of the agreement; the object of the bastardy law being fully answered, and litigation prevented.
The doctrine in regard to marriage-brokage bonds, and agreement, in restraint of public trade, has no application. A bond given for future cohabitation is void; but a bond given as compensation, or rather in atonement for past cohabitation, will be enforced.
In our case there is no suggestion that there was a stipulation for the connivance of the father at future cohabitation, as a part of the price of the land; that would be, indeed, iniquitous. After the injury was inflicted, the defendant ought to have offered (312) compensation. There is nothing, even in good morals, which forbade the father from accepting it.
The law in regard to "compounding felonies" has no application. One who has been injured by a violent battery may accept compensation, and agree not to be active in getting up an indictment. Indeed, it is a common practice on the circuit, upon convictions for assaults and batteries, and the like offences, for the Court to intimate to the defendant that his case will be looked upon more favorably, if he will make ample compensation to the individual immediately injured. This is a commendable practice, for the ends of justice are answered by punishing the offender, while, at the same time, the individual peculiarly interested, receives compensation, and thus litigation is prevented.
Per curiam.
The demurrer must be overruled.